UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**MILLENNIUM ANTON CHRISTOPHER WOODS, JR.,**

   Plaintiff,

v.                           No. 4:25-CV-01204-P

**REGIONAL LICENSING MANAGER, TEXAS DEPARTMENT OF PUBLIC SAFETY, ET AL.,**

   Defendants.

## OPINION & ORDER

Before the Court is Plaintiff's Requests for a Temporary Restraining Order and Preliminary Injunction, filed October 27, 2025. ECF Nos. 1, 2. Plaintiff requests a Temporary Restraining Order and Preliminary Injunction. For the following reasons, the Court will **DENY** Plaintiff's Requests for a Temporary Restraining Order and Preliminary Injunction.

On October 27, 2025, Plaintiff initiated this suit in a document styled as both an "Amended Federal Civil Rights Complaint and Request for Emergency Injunctive Relief." ECF No. 1. The Court construes this document liberally to be a Motion for TRO and Preliminary Injunction. Plaintiff brings a 42 U.S.C. § 1983 action to "redress ongoing violations of his constitutional rights" by the Texas Department of Public Safety and the Fort Worth Independent School District. ECF No. 1 at 1. Accordingly, Plaintiff seeks emergency relief to protect his "continued public employment and equal access to government-administered opportunities." ECF No. 1 at 1.

Plaintiff was hired by FWISD as a Bus Driver in Training in a program that requires attainment of a Commercial Driver License

certification within 90 days of employment. But, to take the CDL exams, Plaintiff asserts that DPS requires him to pass a Class C driving test appointment. The problem for Plaintiff is DPS has no available appointments to take the driving test until next year, which would allegedly lead to the termination of Plaintiff's employment. Meanwhile, the Complaint states that DPS makes testing accommodations and prioritizes the scheduling of "elderly or disabled persons."

From this set of facts, Plaintiff alleges two legal violations. First, he alleges violation of the Fourteenth Amendment's Due Process Clause because he has been deprived of "liberty and property interests without due process." ECF No. 1 at 2. Next, he alleges violations of the Fourteenth Amendment's Equal Protection Clause because DPS grants priority accommodations to elderly and disabled persons but not to him. ECF No. 1 at 2. Therefore Plaintiff requests the Court "[i]ssue a Temporary Restraining Order (TRO) and Preliminary Injunction directing DPS to schedule Plaintiff's Class C driving test within ten (10) business days." ECF No. 1 at 2.

Under Federal Rule of Civil Procedure 65(b)(1), the court may issue an *ex parte* TRO without notice to the adverse party or its attorney only if both of the following requirements are met:

> (1) Specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (2) The movant certifies in writing any efforts made to give notice and the reasons why it should not be required.

FED. R. CIV. P. 65(b)(1)(A)-(B). Plaintiff's Motion does not satisfy these requirements. Plaintiff makes no indication in writing that any efforts were "made to give notice" to the other party and gives no "reasons why it should not be required." *Id.* Thus, the Motion for a TRO is hereby **DENIED**.

Further, the Court concludes that the allegations in Plaintiff's Complaint and argument in the Motion are conclusory, meritless, and

wholly insufficient to justify injunctive relief. Plaintiff is entitled to a preliminary injunction only after showing: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury; (3) that the threatened injury outweighs any harm that will result if the injunction is granted; and (4) that the grant of an injunction will not disserve the public interest. *See Janvey v. Aguirre*, 647 F.3d 585, 595 (5th Cir. 2011). Plaintiff failed to make the requisite showing of irreparable injury—Plaintiff fails to argue that he would suffer an irreparable injury without injunctive relief directing DPS to schedule his driving test in 10 days.

More importantly, Plaintiff's argument justifying the relief is unlikely to succeed on the merits. *See Baker v. Dep't of Hous. & Urban Dev.*, No. SA:19-CV-1049-DAE, 2019 WL 7759504, at *5 (W.D. Tex. Oct. 2, 2019) (calling the factor requiring a substantial likelihood of success on the merits the "main bearing wall" of the preliminary injunction test). First, the Plaintiff has a "constitutionally protected property interest" "when a statute entitles them to the benefits if they satisfy eligibility criteria." *Harrison v. Young*, 48 F.4th 331, 341 (5th Cir. 2022) (citing *Bd. of Regents of State Colls v. Roth*, 408 U.S. 564, 577 (1972). If one satisfies such criteria, then one has a "legitimate claim of entitlement" in the property interest. *Id.* But Plaintiff asserts no such statute providing that right to take the driving test and to continued employment. He only mentions the School District's Bus Driver in Training Program and its requirements without any citation to a statute in his request for relief. Indeed, the Court can find no statute that promises him these benefits.

As for the Equal Protection claim, Plaintiff merely asserts in a conclusory fashion that he is "similarly situated" to "elderly or disabled applicants." ECF No. 1 at 3. Varying levels of scrutiny apply to discrimination against different categories of persons. *Price v. Tex. Tech Univ. Health and Scis. Ctr. El Paso*, 784 F. Supp. 3d 944, 954 (W.D. Tex. May 22, 2025). But Plaintiff has failed to identify which protected class he is a member of. "This Court is unable, [therefore,] to engage in *any* meaningful analysis as Plaintiff has [not] identified which 'protected class' [he] is a part of." *Id.*

So neither of these two constitutional claims are likely to succeed on the merits. And Plaintiff has failed to meet either of the first two prongs of the test for preliminary injunctive relief.

Even assuming *arguendo* that the remaining factors weighed in Plaintiff's favor (which the Court does not conclude that they do), the totality of the circumstances of the first four factors weigh heavily against granting a preliminary injunction.

## ORDER

The Court thus **DENIES** Plaintiff's Requests for a Temporary Restraining Order and Preliminary Injunction. ECF No. 1, 2.

**SO ORDERED** on this **30th day of October 2025.**

*[signature: Mark T. Pittman]*

Mark T. Pittman
UNITED STATES DISTRICT JUDGE